## THOMAS K. BEST

*v.*

## FRANCIS GHOLSON.

1.  HOMESTEAD—*release must appear in certificate of acknowledgment.* Under the act relating to conveyances, in force July 1, 1872, no deed shall be construed as releasing or waiving the right of homestead unless it shall contain a clause to that effect, and the certificate of acknowledgment shall recite "including the release or waiver of the right of homestead," or contain other words expressly showing an intention to make such release or waiver. Without such words in the certificate of acknowledgment as to both husband and wife, the homestead will not be released.

2.  When a deed of trust executed by husband and wife in 1873, contained a clause expressly waiving and releasing all right and benefit of homestead in the premises, and the certificate of acknowledgment as to the husband made no mention of the release and waiver of the homestead, though it did fully as to the wife, it was held insufficient to release the homestead on account of the defect in the certificate as to the husband.

3.  Courts have no rightful authority, by mere construction, to aid the defective execution of a power given or created exclusively by statute, nor to dispense with those formalities which the legislature has seen fit to provide to secure its due execution. In order to waive or release the homestead right secured to both husband and wife, the mode prescribed by statute must be strictly complied with, and no subtle construction ought to be adopted to defeat the policy of the law.

4. Same — *as to nature of the indebtedness.* Where the defendant in an action of forcible detainer, brought by the purchaser under a deed of trust, showed that he was the head of a family and residing upon the premises when the deed of trust was executed by him and his wife, and the continued occupancy as such ever since, and the plaintiff, in rebuttal, showed that a small portion of the money mentioned in the notes secured by the trust deed was used to take up a previous incumbrance on the premises, and the balance of the money paid to defendant's son, by his direction, it was held that this evidence fully warranted the court in finding the indebtedness secured by the trust deed was not incurred either for the purchase or improvement of the property.

APPEAL from the Circuit Court of Stephenson county; the Hon. WILLIAM BROWN, Judge, presiding.

Mr. W. SCOTT AGNEY, and Mr. J. A. CRAIN, for the appellant.

Mr. U. D. MEACHAM, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action was forcible detainer, was originally commenced before a justice of the peace, and from the judgment rendered in that court against defendant an appeal was taken to the circuit court, where, upon a hearing of the cause before the court, without the intervention of a jury, defendant was found not guilty, and the case is to be heard in this court on plaintiff's appeal.

The title to the premises in controversy which plaintiff insists is the paramount title, he obtained under a trust deed executed by defendant, in the execution of which his wife joined with him. On default being made in the payment of the indebtedness secured, the trustee, on the application of the holder, advertised the property, and sold it, under the power contained in the trust deed, at which sale plaintiff became the purchaser, and received a trustee's deed for the property. After demand made upon defendant, this suit was brought to recover possession of the premises.

By one clause in the body of the trust deed the grantors

waived and released all right and benefit of homestead in the premises, under the Homestead act, which was signed by defendant and his wife. The certificate of acknowledgment, as to the husband, is in the usual form, but makes no mention of the "release and waiver of the right of homestead." As to the wife, the certificate is fuller, and states that after being made acquainted with the contents of the deed, among other things, she relinquished "all her rights and advantages under and by virtue of all laws of said State relating to the exemption of homestead."

The defense is, the premises are, and had been long before and since the execution of the trust deed, the homestead of defendant, on which he has resided and does still reside with his family, and that there had been no valid release of his homestead rights therein in accordance with the provisions of the statute. The trust deed, under which, as we have seen, plaintiff deraigns whatever title he has to the premises, was made in 1873, and should have been acknowledged in the manner provided in the act entitled "Conveyances," in force July 1, 1872. That act provides, "no deed or other instrument shall be construed as releasing or waiving the right of homestead, unless the same shall contain a clause expressly releasing or waiving such right, and in such case the certificate of acknowledgment shall contain a clause substantially as follows: 'including the release or waiver of the right of homestead,' or other words which shall expressly show that the parties executing the deed or other instrument intended to release such right." The certificate of acknowledgment in this case, as to the husband, does not include the words of the statute, nor any equivalent words that indicate he expressly intended to release or waive all homestead rights in the premises. Without such words in the certificate of acknowledgment, the statute is imperative that no deed or other instrument shall be construed as releasing or waiving such right.

The reference made to the 4th section of the Homestead act of 1872 does not aid plaintiff's view of the law. That section,

as the same is re-enacted in 1873, is simply a transcript of the acts of 1851 and 1857 on the same subject. The provision is, the release or waiver of the homestead, to be valid, must not only be in writing, and subscribed by the parties, but must be "acknowledged in the same manner as conveyances of real estate are required to be acknowledged." Construing the two sections together, as the rule is we shall do, there is no necessary conflict between the 4th section of the Homestead act and the 27th section of the Conveyance act cited, and both sections may stand. The manner in which conveyances of real estate are required to be acknowledged is prescribed in the "Conveyance act," and on turning to the 27th section of that act it will be seen it is absolutely imperative that any release or waiver of homestead, to be valid, in such cases, the certificate of acknowledgment must contain words which expressly show the parties executing the deed or other instrument intended to release or waive such right. No subtle construction ought to be adopted to defeat the policy of the law to preserve a homestead for the benefit of the failing debtor and his family. Courts have no rightful authority, by mere construction, to aid the defective execution of a power given or created exclusively by statute, nor to dispense with those formalities which the legislature has seen fit to provide to secure its due execution. Homestead is a right secured to both the husband and wife by positive enactment, and one of which they can not be dispossessed except by their voluntary action in the mode provided by statute. It is protected, by the strongest guarantees of the law, from forced sales on execution or otherwise, and the policy of the law, as often declared by this court, is, it shall be preserved for the benefit of the debtor and his family. The exemption is absolute, except the premises are alienated in the mode prescribed in the statute, and, as we have no release of homestead, is valid, unless by the voluntary action of the parties intended to be benefited, in conformity with the law that confers power to alienate it.

The point is made, that defendant has not shown, by proof, such facts as entitle him to a homestead in the premises, because he has not negatived the words of the statute, the "debt or liability incurred" was not "for the purchase or improvement thereof." On this branch of the case defendant testifies that in 1866, which was before the making of the trust deed, he was the head of a family, consisting of a wife and minor children, and that he resided then and ever since, with them, on these premises, and now claims the same as his homestead. It is true, he does not state the indebtedness secured by the trust deed was not incurred for the purchase or improvement of the property now claimed as a homestead, but plaintiff, in rebuttal, proved that a small portion of the money mentioned in the notes secured was used to take up a previous incumbrance on the property, and that the "balance of the money was, by defendant's direction, paid to his son." This evidence would fully warrant the court in finding as we must understand it did, that the indebtedness secured by the trust deed was not incurred either for the purchase or improvement of the homestead property.

The finding of the court was warranted by the law and the evidence, and the judgment must be affirmed, which is done.

*Judgment affirmed.*