EARNEST SHARPE, *Treasurer, et al.* v. M. M. ENGLE, *et al.*

Note — The opinion of the court in this case, reversing the decision of the district court, was delivered by Justice Bierer and filed February 16, 1895. Motion for rehearing was filed, and presented at the June term, 1895, and the same denied. To the latter ruling of the court Justice McAtee dissented, delivering his opinion July 27, 1895.

*Error from the District Court of Canadian County.*

*C. A. Galbraith, Attorney General, A. J. Jennings, County Attorney* and *C. H. Carswell,* for plaintiffs in error.

*John I. Dille, John Schmook, Jr., C. O. Blake* and *E. E. Blake,* for defendants in error.

Dissenting opinion by

McATEE, J.: This was an action in the district court of Canadian county by the defendants in error against the plaintiffs in error, defendants below, in which the defendants in error procured a restraining order from the district court, and applied for an injunction permanently restraining the collection of territorial and county taxes.

The facts upon which relief was sought by the defendants in error, as set forth in the opinion of the court delivered at the last term, are, that the petitioners were the

"Owners of real estate and personal property in Canadian county which has been, by the assessors, listed for taxation for the year 1893, and that on the 3d day of August, 1893, the board of county commissioners of said county attempted to levy taxes for the various funds in said county, and that the board of county commissioners has not at any time made a levy for territorial taxes, nor a levy for any other purpose for said year, except at the time set forth; that the defendant, Earnest Sharpe, is the treasurer of Canadian county; that the county clerk of said county after such levy, made the tax list and delivered the same to the county treasurer for collection, and that the tax as levied by the commissioners, together with an additional sum of four mills on the dollar for territorial purposes, is now on the books of the treasurer for collection, and is a cloud upon the title of the plaintiff's property, and that the treasurer is threatening to, and will, unless restrained, issue warrants for the collection of the same, and cause the same to be levied upon plaintiff's property, and will advertise and sell plaintiff's real estate, to their irreparable damage."

To this petition the defendant filed a demurrer on the ground that the court had no jurisdiction of the persons of the defendants or of the subject matter of the action, and that the petition did not set forth facts sufficient to constitute a cause of action. The court

overruled the demurrer and rendered judgment upon the petition, enjoining the collection of the taxes. From this judgment appeal is taken.

The provisions of the statute under which the levy of taxes in question was made and the authority to levy such taxes, is derived, if it exist at all, from §§ 5627-5628, p. 1046, art. 8, "Rate of Taxation and Levy," Statutes of Oklahoma, 1893. These articles read as follows:

"SEC. 3. On the third Monday of July, in each year, the board of county commissioners must meet in the county seat to levy the necessary taxes for the current fiscal year, and they may levy the taxes at any time after the said third Monday of July, if the statement from the territorial board of equalization has not then been received, but such levy must not be postponed for more than ten days, and they shall levy the taxes as herein directed.

"SEC. 4. The rate of general territorial tax shall be as directed by the territorial board of equalization or by the territorial auditor; but if such statement or levy of such taxes, as hereinbefore directed, has not been received by the county clerks within ten days after said third Monday of July, then the said board of. county commissioners shall levy the general territorial taxes at the rate of three mills on the dollar of valuation."

The defendants brought the case here upon error. It was presented at the last term of court and passed upon, the judgment having been reversed and the cause remanded with directions to sustain the demurrer to the petition and render judgment for the defendants, in which all the justices concurred except Burford, J., not sitting, having presided in the cause below.

The cause is again brought to this term upon petition for rehearing, which has been, by the court, refused and the application dismissed, to which refu-

sal and dismissal I now, after a fuller consideration, dissent.

The validity of the levy made by the board of county commissioners is the point at issue. Had the county commissioners lawful authority to levy the tax after the expiration of the time provided by the statute for making it?

The determination of the question depends upon whether the provision of the statute fixing the time was directory or mandatory; that is, whether it was the intention of the legislature, by fixing the limit of time within which it was provided that the levy should be made, merely to provide for a regular and orderly procedure on the part of the territorial board of equalization and the board of county commissioners, or whether it was mandatory, limited the authority of the board of county commissioners intended, and that the exercise of the authority therein provided should be exercised within the time prescribed, or not at all.

If the provision was directory, the territorial board of equalization, having failed to discharge its duty within the specified time, and the duty having by express provision devolved upon the board of county commissioners, and the board of county commissioners having failed to discharge the duty committed to it within the time specified, that yet, the provisions having been inserted in the statute for the direction and convenience of these bodies and for the sole purpose of promoting their regular and orderly procedure, that the observance of the limit of time is not material, may be disregarded, that the statute is merely permissory or discretionary and the duty committed to the boards may be discharged thereafter and be authorized, legal and binding upon the taxpayer to the same extent as if the power had been exercised within the time specified.

If, on the contrary, the statute is mandatory, the

authority provided for by it must be exercised in the terms and within the time stated. The authority is, under this interpretation, limited to the time prescribed in the statute, fails if not exercised prior to the expiration of the time specified, and the provisions are imperative and must be strictly obeyed.

If the latter is the correct construction of the statute, the exercise of the authority after the time specified was without authority, and the levy made in this case is void.

I do not understand that there is any middle ground. The limit of time is compulsory, mandatory and essential to be observed in order to the lawful exercise of the authority, or it is not. It cannot be both mandatory and directory.

Several principles of interpretation are applied to the solution of the question. In the result of their application, I am unable to agree with the court.

By article 7, "Territorial Board of Equalization," (5624), § 1, Statutes of Oklahoma, 1893, it is provided that:

"The governor, territorial auditor and secretary, shall constitute the territorial board of equalization, and said board of equalization shall hold a session at the capital of the territory, commencing on the first Monday of July of each year, and it shall be the duty of said board to examine the various county assessments and to equalize the same, and decide upon the rate of territorial tax to be levied for the current year, together with any other general or special territorial taxes required by law to be levied, and to equalize the levy of such taxes throughout the territory. And shall therefrom find the percentage that must be added to or deducted from the assessed value of each county, and shall then order the percentage so found to be added to or subtracted from the assessed values of each of the various counties of the territory, and shall notify the various county clerks of the percentage so ordered to be added to or subtracted from the

valuation of property in their respective counties. It shall then be the duty of the various county clerks to add to or deduct from the total value of the property assessed to each party the percentage so ordered and collect the taxes accordingly." * * *

This section, together with those sections hereinbefore recited, provides (1) for the creation of a territorial board of equalization which shall examine the various county assessments and "equalize the same" and "equalize the levy of such taxes throughout the territory;" and (2) that "it shall then be the duty of the various county clerks to add to or subtract from the total value of the property assessed to each party, the percentage so ordered and to collect the taxes accordingly;" and (3) "if the territorial board of equalization or the auditor fail to notify the county clerks of the levy of such taxes, as hereinbefore directed, within ten days after the said third Monday of July, that then the board of county commissioners shall levy the general territorial taxes at the rate of three mills on the dollar of valuation;" and (4) that the board of county commissioners (a) "must meet in the county seat on the third Monday of July," and (b) "such levy must not be postponed for more than ten days," and (c) "they shall levy the taxes as herein directed;" and (5) by necessary inference, as well as by art. 6, p. 1044 of the Statutes, the board of county commissioners is constituted a board of equalization for the county, with the power to assess each tax payer the percentage to be collected from him, and to order the collection of the taxes accordingly.

For the discharge of the duties here enjoined, these boards are to equalize the taxes, and they are commanded in language, the imperative character of which is not doubtful, that (1) "they must meet in the county seat to levy the necessary taxes for the current fiscal year on the third Monday of July;" and (2) "that such

levy must not be postponed for more than ten days;" and (3) that "they shall levy the taxes as herein directed."

The principles which distinguish and determine, in most instances, when a statute is simply directory and when the legislature means that it shall be mandatory, in matters relating to taxation, were declared by Chief Justice Shaw in the early case of *Torrey v. Millbury*, 22 Pick. 67, as follows:

"In considering the various statutes regulating the assessment of taxes, and the measures preliminary thereto, it is not always easy to distinguish which are the conditions precedent to the legality and validity of the tax, and which are directory merely, and do not constitute conditions.

"One rule is very plain and well settled, that all those measures which are intended for the security of the citizen; for insuring an equality of taxation; and to enable everyone to know, with reasonable certainty, for what polls and for what real estate he is taxed; and for what all those who are liable with him are taxed; are conditions precedent, and if they are not observed, he is not legally taxed, and he may resist it in any of the modes authorized by law for contesting the validity of the tax.

"But many regulations are made by statute designed for the information of assessors and officers, and intended to promote method, system and uniformity in the modes of proceeding, the compliance or noncompliance with which, does in no respect affect the rights of tax-paying citizens.

"These may be considered directory; officers may be liable to legal animadversion, perhaps to punishment for not observing them, but yet their observance is not a condition precedent to the validity of the tax."

The distinction here made has, so far as it goes, been followed in subsequent cases by most of the courts.

It was declared by the supreme court of the United States in *French v. Edwards*, 13 Wall. 511, Field, J., that:

"There are undoubtedly many statutory requisitions intended for the guide of officers in the conduct of business devolved upon them, which do not limit their power or render its exercise in disregard of the requisitions, ineffectual. Such generally are regulations designed to secure order, system and dispatch in proceedings, and by disregard of which the rights of parties interested cannot be injuriously affected. Provisions of this character are not usually regarded as mandatory, unless accompanied by negative words importing that the act required shall not be done in any other manner or time than that designated.

"But when the requisitions prescribed are intended for the protection of the citizen, and to prevent a sacrifice of his property, and by disregard of which his rights might be, and generally would be, injuriously affected, they are not directory but mandatory. They must be followed, or the acts done will be invalid. The power of the officer in all such cases is limited by the measure and conditions prescribed for its exercise."

It is stated by Judge Cooley in his work on Taxation, p. 283, that:

"The phraseology of the statute may sometimes settle this question very conclusively. If by the use of negative words it requires a particular proceeding to be taken in a particular time or manner and makes it void if not so done, or gives it effect, provided it is so done, or declares that unless it is taken, subsequent proceedings shall not be had, or prohibits its being done except at the time the statute prescribes, or if any terms plainly imperative are employed, the intent is clear, and no discretion can be permitted in construction."

The statement of the law here extracted from the work of Judge Cooley and the opinion of Judge Field, are those which are adopted as authorities and quoted into the opinion of the court in this case as authoritative expositions of the law. They appear to follow in their language, but with added distinctions, the opinion of Chief Justice Shaw. I do not draw from them the

2

conclusions which are adopted as the views of the court herein.

It is here declared by Judge Field that, even in the case of "statutory requisitions intended for the guide of officers in the conduct of business, and which do not limit their power, and which are regulations designed to secure order, system and dispatch in proceedings. and by disregard of which the rights of parties interested cannot be injuriously affected," that they "are directory." and, further, that "provisions of this character are not usually regarded as mandatory unless accompanied by negative words importing that the act required shall not be done in any other manner or time than that designated."

Since the statute under consideration provides that "such levy must not be postponed for more than ten days," it appears plainly to provide by "negative words importing that the act required (the levy of the taxes) shall not be done in any other * * * time than that designated," and appears, to my judgment, in the language of Judge Cooley, to "prohibit its being done except at the time the statute prescribes * * * and that by the use of negative words it requires a particular proceeding to be taken in a particular time, and makes it void if not so done."

And when the territorial board of equalization has failed to discharge its duty of equalization, and the duty has devolved upon the board of county commissioners, and that board proceeds to levy the taxes. territorial and county, involving the function of equalization of the taxes, it appears, in my judgment, to fall within the prohibition set forth in the opinion of Judge Shaw, that

"One rule is very plain and well settled, that all those measures which are intended for the security of the citizen, for ensuring the equalization of taxation, * * * are conditions precedent, and if they are not

observed, he is not legally taxed, and he may resist it in any of the modes authorized by law for contesting the validity of the tax,"

And, to fall under the prohibition as expressed by Judge Field, that

"When the requisitions prescribed are intended for the protection of the citizen, and to prevent a sacrifice of his property, and by disregard of which his rights might be. and generally would be, injuriously affected, they are not directory, but mandatory. They must be followed, or the acts done will be invalid."

And when the statute declares with its "must," that the board of county commissioners "must meet" at the time specified for the purpose of a "levy of necessary taxes," and that "such levy must not be postponed for more than ten days," and that "they shall levy the taxes as herein directed," that the language is mandatory, and that just such language was meant upon the authority of Judge Cooley, by his statement of the law, that "if any terms plainly imperative are employed, the intent is clear, and no discretion can be permitted in construction."

The authorities cited in the learned opinion of the court, and adopted by the court, seem themselves to establish the fact that the statute is mandatory, and that the time limited in the statute, in the terms of which it is set forth, clearly indicate that the levy of the tax within the time specified was a condition precedent, and that the condition not having been fulfilled within the time limited, the authority of the board of county commissioners ceased; in the first place, because the provision was a measure which was "intended for insuring an equality of taxation;" in the second place, because it was "intended for the security and protection of the citizen upon whom "the taxes are sought to be imposed;" in the third place, because

its "terms are plainly imperative, and the intent clear," and that with these conditions "no discretion can be permitted in construction."

There is no diversity of opinion upon the points enunciated by the above authorities, but in the fourth place, the authorities are uniform and to the point that when negative words are used in a statute, restricting the mode of procedure as to public officers, relating to time and manner, that the direction as to time, as well as manner, is mandatory and leaves the public officer so directed without discretion. He must exercise the authority given within the time prescribed, and if it is not exercised until after the time prescribed, the act is void.

It is said in Anderson's Law Dictionary that

"Provisions of this character are not mandatory unless accompanied by negative words importing that the act shall not be done in any other manner or time than that designated."

In delivering the opinion of the court in *Bladen v. Philadelphia*, 60 Penn. St. 466, Judge Sharswood expresses the doctrine in the following manner:

"It would not perhaps be easy to lay down any general rule as to when the provisions of a statute are merely directory and when mandatory or imperative; when the words are affirmative and relate to the manner in which power or jurisdiction vested in a public officer or body is exercised, and not to the limits of the power or jurisdiction itself, they may, and often have, been construed to be directory; but negative words which go to the power or jurisdiction itself, have never, that I am aware of, been brought within that category. 'A clause is directory,' says Taunton, J., 'when the provisions contain mere matter of direction and no more, but not so when they are followed by words of positive prohibition.'"

And it is said in *Dishon v. Smith, County Judge*, 10 Ia. 218, that:

"It is a general rule of law that statutes directing

the mode of procedure of public officers, relating to time and manner are directory, but this proposition is not applicable when the statute uses negative words restricting the action or when there is something plainly showing a different intent."

And Judge Cooley in his work on Constitutional Limitations (6th Ed.), p. 92, cited above, had declared the doctrine as it is here understood to be:

"And if the act is performed, not in the time or in the precise mode indicated, it may still be sufficient if that which is done accomplishes the substantial purpose of the statute. But this rule presupposes that no negative words are employed in the statute which expressly or by necessary implication forbid the doing of the act at any other time or in any other manner than as directed. Even as thus laid down and restricted the doctrine is one to be applied with much circumspection; for it is not to be denied that the courts have sometimes in their anxiety to sustain the proceedings of careless or incompetent officers gone very far in substituting a judicial view of what was essential for that declared by the legislature.

It is, however, argued in behalf of the view taken by the court that the statute is directory and not mandatory, inasmuch as, if the county commissioners failed, declined or refused to make the levy at the time at which they were directed to do so by the statute, that they might thereafter be compelled to do so by a writ of *mandamus*, upon application of any person being a creditor of the county or territory and entitled to be paid out of the taxes which should have been properly levied at that time. The argument is, as I think, erroneous in this, that if the statute is mandatory, when the time expired within which the levy should have been made, the lawful authority of the county commissioners was gone, and no judicial action or authority could revive or extend the expired jurisdiction.

The argument proceeds upon the assumption that the authority to levy the taxes would still exist in the

board of county commissioners after the expiration of the time prescribed for the levying of the taxes, and that the statute is directory, which is the thing to be proved. I understand that upon the expiration of the time specified the power of levying the tax is gone. *Mandamus* will not issue to compel the exercise of an authority which does not exist.

It is said in the case of *Bohler v Verdery*, (Ga.) S. E. Reporter 36, that:

"By section 839 of the code, the tax receiver, when dissatisfied with a return to him on oath, is required to assess the property within thirty days after the return is made. If, for any cause, he omits to do this, he cannot do it afterwards, nor can any court, for any reason, confer that power upon him. * * * The courts cannot enlarge or extend the scope of the statute by granting further time, if the tax receiver fails to act within the time prescribed."

And in *Wells v. The Commissioners*, (Md.) 26 Atl. Rep. 358, that

"The time fixed by statute for levying a tax having expired, the authority for making the tax is ended, and, therefore, *mandamus* will not issue to compel it."

And, in *Martin v. McDiarmid*, (Ark.) 17 S. W. 877, that

"Where the statute of a state prescribes a certain time for the levying court to convene and levy taxes, a levy of it at any other time is invalid, though it may have convened and made the levy at such time under a *mandamus* from a federal court."

The power to take the property of the people, to make an appropriation of private property for public uses by taxation, is a statutory provision and must be strictly construed. Without the provision of the statute it does not exist. It exists, if at all, only as it is expressed in plain terms in those provisions. If the right to exercise power given by the statute in a particular way, be doubtful, it does not exist.

In the statute now before the court for construction,

it having been provided that "the board of county commissioners must meet" at a certain time to make the levy of taxes, and "such levy must not be postponed for more than ten days," and it having also been provided that "they shall levy the taxes as herein directed," the authority to make the levy depends upon its provisions, and out of them it must come, if at all. And, applying the principles which have been above cited, how can the statute be interpreted to be directory only, be interpreted to authorize the exercise of an authority at a time other than that specified for the discharge of the duty, which expressly prohibits its postponement, which relates to the equalization of taxes, and, therefore, to the levy of taxes upon the property of the tax payer, in violation of the settled rule of law, to which I find no exception, that when negative terms are used, no statutory authority to tax has ever been found to be directory only, in which the power is limited by a prohibition expressed in negative terms.

Judge Cooley says that

"Executive and ministerial officers enforce the tax laws; but, in doing so, they must keep strictly within the authority those laws confer, and they can not add to or vary in the slightest degree, any tax lawfully levied. They neither have, nor can have any 'roving commission to levy and collect taxes from the people without authority of law, but (they) can only do so in the manner prescribed by the law, which should be the governing rule for their conduct in levying taxes in all cases.'" (Cooley on Taxation, [2d Ed.], p. 42; *Barlow v. Ordinary*, 47 Ga. 639-642; *Vail v. Bentley*, 23 N. J. 532; *Stetson v. Kempton*, 13 Mass. 272; *Webster v. The People*, 98 Ill. 343.)

"The right to take private property in any form without the consent of the owner is a high prerogative of sovereignty, and must be strictly construed. * * The power cannot be made by doubtful inference. * * * Nothing short of express words or necessary

implication will answer the purpose. * * * Munic-ipal, like private corporations, must act within the limitations prescribed by the sovereign power; and they cannot impose a charge upon the person, or property of individuals without proceding in the man-ner prescribed by law." (*Sharp v. Speir*, 4 Hill. 81.)

"The courts have no rightful authority by mere construction to aid the defective execution of a power given or created exclusively by statute, nor to dis-pense with those formalities which the legislature has seen fit to provide for its due execution." (*Best v. Ghol-son*, 89 Ill. 465.)

It will not be questioned that these are correct statements of principles of statutory construction. The time specified in the statute having expired, the authority vested in the board of county commissioners to levy the tax is gone, unless it is continued by express words or necessary implication. There are no express words in the statute extending the authority. Is it by necessary implication that the authority con-tinues? According to my view, the judgment of the court in declaring the authority still existed after the expiration of the time specified in the statute, is doing so through doubtful inference, and if this is correct, is aiding the defective execution of a power created exclusively by statute, and is dispensing with the formalities which the legislature has seen fit to pro-vided for its due execution, and in doing so, is sus-taining the proceedings of careless and incompetent officers and is thus substituting a judicial view for that which was declared by the legislature, and is authorizing the taking of private property of the de-fendants without their consent, and outside of any authority contained in the statute.

The case of *Mills v. Johnson*, 17 Wis. 617, relied upon in the opinion of the court as a sure guide to the con-struction of this statute, states:

"On the first Monday of July, or within ten days

thereafter, the common council should determine the amount of taxes and levy the same, and that the return of the assessment rolls in the month of August and the levying of the taxes on the 26th of July, did not invalidate the taxes or render the proceedings void."

This does not justify the conclusion drawn from it, that our statute is directory as to time. The opinion of the court construes a statute dissimilar in its terms to that in question here, and affords no safe support to the conclusion drawn in this case. The Wisconsin statute is not imperative in its terms, nor does it provide by a negative prohibition that the proceeding shall not be postponed to a later day, terms of such a character as that, in the language of Judge Cooley, "no discretion can be permitted in construction."

In the case of *Wingate v. Ketner, Auditor*, (Washington Territory.) 35 Pac. 592, the court found the fact to be, that

"The ordinance in question fairly appears to have been passed within the thirty days provided by the statute."

The expressions of opinion in that case were therefore *obiter dicta*, not binding upon the courts of that state, nor instructive as a guide to the courts of any other.

It is my conviction, in making a decision which will authorize the board of county commissioners to disregard the imperative commands of the statute, limiting the authority of the boards by the negative prohibitions in the matter in which the equalization of taxes of the territory and county are involved, and the security and protection of the citizen is at stake, that an authority is conferred by the court not provided for by the legislature in the statute.

I think that the judgment of the lower court was correct and should be affirmed.