### BERGER *v.* LUTTERLOH.

Opinion delivered February 9, 1901.

TAX SALE—VOID LEVY.—A sale of land for nonpayment of taxes is void where the levying court which levied the county taxes convened on the third, instead of the first, Monday in October. *Hillard* v. *Bunker,* 68 Ark. 340, followed.

Appeal from Craighead Circuit Court.

FELIX G. TAYLOR, Judge.

*J. C. Hawthorne,* for appellant.

*N. F. Lamb,* for appellee.

RIDDICK, J. This is an action of ejectment, in which the plaintiff bases his right to recover upon a sale of the land in controversy for nonpayment of taxes and deed executed to him as a purchaser at such sale. The circuit court declared the deed void, for the reason, among others, that it was not based on a valid levy of taxes. The levying court, composed of the county judge and justices of the peace, levied the taxes for the nonpayment of which the land was sold on the third Monday in October, whereas the first Monday of that month is the day fixed by law for the convening of the levying court. *Hilliard v. Bunker,* 68 Ark. 340, 58 S. W. 362.

But counsel for appellant contends that there is nothing to show that the court did not meet on the day provided by law and adjourn to the third Monday of the month, the day on which the taxes were levied. We have examined the opening order of the court and the order levying the taxes, and we think they show

affirmatively that the court was not holding an adjourned term, but that it convened in the first instance on the third Monday in October, the day on which the taxes were levied. The court not having met on the day fixed by law, the levy was invalid. *Hilliard v. Bunker,* 68 Ark. 340, 58 S. W. 362.

It results that, in our opinion, the judgment of the circuit court holding the tax sale and deed void was correct, and it is therefore affirmed.