The Honorable James Lee Witt County Judge, Yell County Danville, Arkansas 72833
RE: 1986 AD VALOREM TAX LEVY
Dear Judge Witt:
I am writing in response to your letter dated December 16, 1986, wherein you requested our opinion whether the Yell County Quorum Court could reduce or roll back their 1986 ad valorem tax levy from 5 mills to 1.8 mills. It is my understanding that, at its regular meeting in November, 1986, the Yell County Quorum Court increased the ad valorem tax levy from 1.8 mills to 5 mills. Apparently there is now a movement under way to reduce (or roll back) the millage from the 5 mills to 1.8 mills. Assuming that the 5 mill levy was made in regular fashion at the regular quorum court meeting, it is my opinion that the Quorum Court does not have the legal authority to change the 1986 ad valorem tax levy. The reasoning supporting my conclusion is as follows.
The quorum court is required to convene in order to levy the county, municipal, and school taxes for the current year at its regular meeting in November of each year. Ark. Stat. Ann. 17-4002(a) (Repl. 1980). This statute superceded former Ark. Stat. Ann. 17-401, and is mandatory. See Ark. Stat. Ann. 17-3807(e) (Repl. 1980). When a statute prescribes a certain time for the levying court to convene and levy taxes, a levy by it at any other time is invalid. Berger v. Lutterloh, 69 Ark. 576,68 S.W. 37 (1901); Martin v. McDiarmid, 55 Ark. 213, 17 S.W. 877
(1891). An attempt to levy at any other time because a meeting of the judge and officers of the court not at the time fixed by law for holding the court is not a "court" in the eyes of the law, but is a mere collection of officers whose acts must be regarded as coram non judice (not before the court) and void. See Howell v. Van Houten, 227 Ark. 84, 296 S.W.2d 428 (1956). The purpose of this rule is to prevent a failure of justice by reason of parties concerned or affected not knowing the time of holding courts. Since quorum courts are required specifically to levy taxes at only one time each year, it is my opinion that any attempt to re-levy (or reduce or roll back) taxes at any other time is void.
This opinion is based upon the facts as set forth in your letter. If there exist other material facts of which I am not aware, I might have to modify this opinion accordingly. The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Frank J. Wills.