The Honorable Mike Beebe State Senator 211 Arch Searcy, AR 72143
Dear Senator Beebe:
This is in response to your request for an opinion on the question of whether or not the Quorum Court can recess on the first Monday in November and reconvene on the second Monday in November in order to certify any library millage increase voted by the people on election day.
Although the absence of specific legislative or case law authority precludes a conclusive response to this question, it is my opinion that the levy of taxes would in all likelihood be in compliance with statutory requirements where the quorum court recesses and reconvenes on the later date. This assumes that the adjournment is not sine die, or a final adjournment, but rather is a temporary adjournment between the sessions of the same continuous legislative body.
The statutory requirement in this regard is found at A.C.A.14-14-904(b) wherein it states in pertinent part:
 The quorum court, at its regular meeting in November of each year, shall levy the county, municipal, and school taxes for the current year. . . .
This is the relevant provision for purposes of your specific inquiry since, under Amendment 38 to the Arkansas Constitution, the library tax, once approved by the electors, ". . . shall thereafter be continually levied and collected as other general taxes of such county are levied and collected." Const. Ark. Amend. 38, 2.
This office has previously concluded, based upon A.C.A.14-14-904(b), that a quorum court does not have the legal authority to change the millage following the levy of taxes at its regular November meeting. See Attorney General Opinion Numbers 86-625, 88-373, and 88-365. This conclusion is compelled by the fact that a levy of taxes at any time other than that prescribed by statute is invalid. See Berger v. Lutterloh, 69 Ark. 576,68 S.W. 37 (1901); Martin v. McDiarmid, 55 Ark. 213,17 S.W. 877 (1891).
The above opinions did not, however, address the situation involving a recessed quorum court meeting. And the above cases, while not directly on point, suggest the validity of a tax levy at an adjourned date. The Arkansas Supreme Court in Martin v. McDiarmid, supra affirmed the lower court's ruling that a forfeiture for taxes could not be sustained where the levying court adjourned after levying the taxes, and five weeks later reconvened by federal court order to levy an additional tax. The Court concluded that the second meeting was not a legal meeting because the federal court had no authority to cause the levying court to be held on a day not authorized by statute.55 Ark. at 216. The attempted levy of taxes was therefore illegal. Id, particularly significant for our purposes is the Court's statement that:
 As the record avers the authority under which the justices and judge assumed to assemble, there is no presumption that they acted under another or different authority — as, for instance, an adjournment to that date. [Emphasis added.].
55 Ark. at 216.
This language, although clearly dicta, suggests that the subsequent levy may have been authorized had the levying court recessed, or adjourned temporarily rather than finally. Similar language appears in Berger v. Lutterloh, supra, where the Arkansas Supreme Court voided a tax sale and deed based upon a levy of taxes two weeks after the date fixed by law for convening the levying court. The appellant argued that there was nothing to show that the levying court did not meet on the required day and adjourn to the later date on which the taxes were levied. The court stated the following in rejecting this argument:
 We have examined the opening order of the court and the order levying the taxes, and we think they show affirmatively that the court was not holding an adjourned term, but that it convened in the first instance on the third Monday in October, the day on which the taxes were levied. The court not having met on the day fixed by law, the levy was invalid. [Citation omitted.]
69 Ark. at 576-577.
Again, there is at least an inference that the tax levy would have withstood challenge had the levying court adjourned to the later date after having initially convened on the day provided by law. Corpus Juris Secundum adheres to this outcome with regard to mandatory provisions such as A.C.A. 14-14-904(b) where it states:
 Where the levying authority or board holds its meeting at or within the limited time, a levy at the adjourned meeting is valid, unless the adjournment is made without authority therefor.
84 C.J.S. Taxation 357 (1954).
We cannot conclude that a quorum court lacks authority to adjourn to a later date, particularly in light of the language from the above cases. A tax levy on the adjourned date would, in my opinion, in all likelihood sustain a challenge.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.